Olshan Frome Wolosky LLP
Safia A. Anand
Martin J. Feinberg
744 Broad Street, 16th Floor
Newark, New Jersey 07102
(212) 451-2300
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHANEL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> CONWAY STORES INC., NATIONAL STORES INC., I&K VENDING, INC., VARIOUS JOHN DOES, JANE DOES and XYZ COMPANIES, <br><br> Defendants. | Civil Action No. <br><br> COMPLAINT |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING, TRADEMARK DILUTION, COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND VIOLATION OF N.J. STAT. §§ 56:4-1** *et seq.***, 56:3-13.20 and 56:3-13.16** *et seq.***,**

Plaintiff, Chanel, Inc. ("Chanel"), by its attorneys Olshan Frome Wolosky LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, trademark counterfeiting, trademark dilution and unfair competition in violation of the laws of the United States and the State of New Jersey. Chanel seeks an injunction, damages and related relief.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are predicated upon the Lanham Trademark

Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common law of the State of New Jersey. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3. Chanel is a New York corporation with its principal place of business at 9 W 57th St., 44th Floor, New York, NY 10019.

4. Defendant, Conway Stores Inc. ("Conway"), is a New York corporation with a principal place of business located at 39 West 37th Street, New York, New York 10018. Conway has advertised, distributed, offered for sale, and/or sold the infringing and/or counterfeit goods at issue in this case and otherwise regularly conducts business in New Jersey and within this judicial district.

5. Defendant, National Stores Inc. ("National"), is a California corporation with a principal place of business located at 15001 S. Figueroa Street, Gardena, California 90248. National owns and/or operates CW Price Stores, Fallas Paredes, Fallas Discount Stores, Fallas Kids, Factory 2-U, and Conway Stores. National has designed, manufactured, advertised, distributed, offered for sale and/or sold the infringing and/or counterfeit goods at issue in this case, many of which bear its Federal Trade Commission registration number, to and through its stores in New Jersey. National otherwise regularly conducts business in New Jersey and within this judicial district through its Conway/ Fallas Discount Stores located in Newark, Union and Elizabeth, New Jersey.

6. Defendant, I&K Vending, Inc. ("I&K"), is a California corporation with a principal place of business located at 15001 S. Figueroa Street, Gardena, California 90248. I & K is the current owner of the "CAMBRIDGE CLASSICS" trademark, U.S. Reg. No. 3,665,810

which is being used in connection with the infringing and/or counterfeit goods at issue. Prior to the assignment of the CAMBRIDGE CLASSICS trademark on May 30, 2013 to I & K, the trademark had been owned since August 24, 2009 by the Tag the Apparel Group of New York ("Tag"), located at the same address as I & K and owned by the same principal. Both I & K and Tag are also located at the same address as National, and share at least one of the same principals with National (hereinafter Conway, National and I&K are collectively referred to as the "Defendants").

7.  At all times relevant hereto, the Defendants, are and have been doing business in New Jersey and have advertised, distributed, offered for sale and/or sold apparel, accessories and housewares bearing infringements and/or counterfeits of Plaintiff's trademarks in New Jersey.

8.  Due to the nature of the Defendants' business practices, the identity of the various John Does, Jane Does and XYZ Companies is not presently known with the exception of Conway, National and I&K.  The Complaint herein will be amended, if appropriate, to include the name or names of said individuals and/or entities when such information becomes available.

## CHANEL'S FAMOUS TRADEMARKS

9.  For over eight decades, Chanel has advertised, offered for sale, and sold high quality apparel, accessories, leather goods, costume jewelry, fragrance and beauty products, and other related products throughout the United States.  Chanel's apparel, accessories, and leather goods, costume jewelry, fragrance and beauty products, and other related products have been widely advertised, offered for sale and sold throughout the United States under various distinctive trademarks, including, but not limited to, the CC Monogram.  The CC Monogram trademarks have at all relevant times been owned by Chanel or its predecessor.

10.  The CC Monogram trademarks are represented on hundreds of millions of dollars worth of consumer goods sold each year.  Products bearing or sold under the CC Monogram trademarks are available at Chanel boutiques, select department store and specialty retail locations

throughout the United States, and in this judicial district; fragrance and beauty products bearing or sold under the CC Monogram trademarks are also available on Chanel's own website, and by authorized retailers on the Internet.  In addition to appearing on products, the CC Monogram trademarks are also used on packaging and collateral materials including but not limited to hangtags, hangers, boxes, bottles, compacts, and labels.

11. The public's recognition of the CC Monogram trademarks is enhanced by Chanel's extensive advertising, and by editorial and press coverage of Chanel's product line. Advertisements featuring the CC Monogram trademarks appear in nationally distributed publications that reach hundreds of millions of people.  Press coverage of Chanel's products bearing the CC Monogram trademarks also reaches hundreds of millions of consumers.

12. As a result of their exclusive and extensive use, advertisement, and promotion, the CC Monogram trademarks have acquired enormous value and recognition in the United States. The CC Monogram trademarks are well known to the consuming public and trade as identifying and distinguishing Chanel exclusively and uniquely as the source of origin of the high quality products to which the marks are applied.  The CC Monogram trademarks are both inherently distinctive and famous.

13. The CC Monogram trademarks are registered in the United States Patent and Trademark Office in connection with apparel, accessories, leather goods, costume jewelry,

fragrance and beauty products, and other related goods, including, but not limited to, the following registrations (hereinafter collectively the "CC Monogram Trademarks"):

| MARK | REG. NO. | DATE OF ISSUANCE | CLASS AND GOODS |
|---|---|---|---|
| | 1,293,398 | 9/4/1984 | 42: Retail Store Services in the Field of Ready-to-Wear Clothing |
| | 1,314,511 | 1/15/1985 | 18: Leather Goods-Namely, Handbags |
| | 1,654,252 | 8/20/1991 | 9: Sunglasses |
| | 1,734,822 | 11/24/1992 | 18: leather goods; namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |
| | 3,025,936 | 12/13/2005 | 9: Eyeglass frames, sunglasses<br>25: Gloves, swimwear<br>26: Hair accessories, namely, barrettes |
| | 4,074,269 | 12/20/2011 | 9: Protective covers for portable electronic devices, handheld digital devices, personal computers and cell phones |
| | 4,241,822 | 11/13/2012 | 25: Clothing, namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, beach cover-ups, hats, sun visors, scarves, shawls, ties, gloves, footwear, hosiery and socks |
| | 4,505,433 | 4/1/2014 | 3: Cosmetics; Non-medicated skin care preparations; Perfumery |
| | 1,501,898 | 8/30/1988 | 6: Keychains<br>4: Costume Jewelry<br>16: Gift Wrapping Paper<br>25: Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br>26: Brooches, Buttons for Clothing |
| | 195,359 | 2/24/1925 | 3: Face Power, Perfume, Eau De Cologne, Toilet Water, Lipstick, and Rouge |
| | 799,642 | 11/30/1965 | 3: Bath Power, Bath Oil, After Shave Lotion and After Bath Oil |
| | 1,241,264 | 6/7/1983 | 25: Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Tee-Shirts, Coats, Raincoats, Scarves, Shoes and Boots |
| | 1,271,876 | 3/27/1984 | 25: Clothing-Namely, Coats, Dresses, Blouses, Raincoats, Suits, Skirts, Cardigans, Sweaters, Pants, Jackets, Blazers, and Shoes. |

2826897-1

| MARK | REG. NO. | DATE OF ISSUANCE | CLASS AND GOODS |
|---|---|---|---|
| | 1,347,094 | 7/9/1985 | 3: A full line of Perfumery, Cosmetics, and Toiletries |
| | 1,654,350 | 8/20/1991 | 21: Make-Up Brushes |
| | 3,025,935 | 12/13/2005 | 20: Mirrors and Hand-Held Mirrors |
| | 4,105,557 | 2/28/2012 | 35: Retail store and on-line retail store services featuring perfumery, cosmetics and skin care preparations |
| | 4,237,494 | 11/6/2012 | 24: Towels |
| | 4,505,440 | 4/1/2014 | 9: Cellular phone accessory charms |

14. The foregoing registrations are valid and subsisting and are in full force and effect and some have achieved incontestable status pursuant to 15 U.S.C. §1065.

### DEFENDANTS' WRONGFUL ACTIVITIES

15. Defendants have designed, manufactured, distributed, offered for sale and sold in commerce its own brand of coats, jeans, jackets, shirts, sweaters, t-shirts, vests, wallets and housewares under the name "CAMBRIDGE CLASSICS", and have used multiple back-to-back interlocking CC designs on wallets, hangtags, labels, patches, boxes and other packaging which bear simulations, reproductions, counterfeits, copies, colorable imitations and/or confusingly similar variations of the CC Monogram Trademarks (the "Infringing Logos"), some examples of which are detailed below:





2826897-1

16. On September 4, 2014, Chanel sent a cease and desist letter to National regarding its infringement of the CC Monogram Trademarks. Despite National's receipt of this letter on September 5, 2014, National has failed to respond to Chanel's letter.

17. I&K, as the trademark owner of the CAMBRIDGE CLASSICS trademark, adopted the Infringing Logos which are substantially indistinguishable from and/or confusingly similar to the CC Monogram Trademarks and authorized and/or permitted its trademark to be used in connection with the infringing and/or counterfeit goods herein.

18. Long after Plaintiff's adoption, use and authorization of use of the CC Monogram Trademarks on apparel, accessories, leather goods, costume jewelry, fragrance and beauty products, and other related products and long after Plaintiff's federal registration of its trademarks, Defendants commenced the design, manufacture, advertisement, distribution, offer for sale and/or sale of apparel, accessories and housewares bearing infringements and/or counterfeits of the CC Monogram Trademarks, as those trademarks appear on goods authorized by Plaintiff and as detailed in this Complaint.

19. The acts of Defendants in designing, manufacturing, advertising, distributing, offering for sale, and/or selling in interstate commerce goods bearing infringements and/or counterfeits of the CC Monogram Trademarks: (a) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendants with Chanel, (b) are likely to cause confusion and mistake among the consuming public that said goods are being offered to the consuming public with the sponsorship or approval of Chanel, and/or (c) have caused and are likely to cause dilution of the distinctive quality of the CC Monogram Trademarks.

20. Defendants have designed, manufactured, advertised, distributed, offered for sale, and/or sold the goods knowing the products bore infringements and/or counterfeits of the CC Monogram Trademarks, or willfully ignored whether the products bore infringements and/or counterfeits of the CC Monogram Trademarks. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products and, to gain to Defendants, the benefit of the enormous goodwill associated with the CC Monogram Trademarks. The aforementioned acts of Defendants are also likely to dilute, and have diluted, the distinctive quality of the CC Monogram Trademarks.

### FIRST CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT)

21. Chanel repeats each and every allegation set forth in paragraphs 1 through 20 above as if fully set forth herein.

22. Defendants' use of the Infringing Logos, without Chanel's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods bearing infringements of the CC Monogram Trademarks.

23. Defendants were on both actual and constructive notice of Chanel's exclusive rights in the CC Monogram Trademarks prior to their own use of the Infringing Logos. Defendants' use of the Infringing Logos was with full knowledge of the goodwill and reputation associated with the CC Monogram Trademarks. Defendants had no right, license or authority to use the CC Monogram Trademarks or any other confusingly similar marks.

24. Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the CC Monogram Trademarks, has injured Chanel in an amount to be determined at trial, and has

caused and threatens to cause irreparable injury to Chanel for which Chanel has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK COUNTERFEITING)

25. Chanel repeats each and every allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. The Infringing Logos as they are being used by Defendants on some of the goods at issue, are identical to or substantially indistinguishable from the registered CC Monogram Trademarks. Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

27. Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the CC Monogram Trademarks, has injured Chanel in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## (UNFAIR COMPETITION)

28. Chanel repeats each and every allegation set forth in paragraphs 1 through 27 above as if fully set forth herein.

29. Defendants' use of the Infringing Logos, without Chanel's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact, and/or false advertising in commercial advertising or promotion, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, affiliation, connection, association, or sponsorship of the goods manufactured, advertised,

distributed, offered for sale and/or sold by Defendants bearing the Infringing Logos which are counterfeits and/or infringements of the CC Monogram Trademarks.

30. Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the CC Monogram Trademarks, has injured Chanel in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## (TRADEMARK DILUTION)

31. Chanel repeats each and every allegation set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. The CC Monogram Trademarks are famous and inherently distinctive. Chanel and its affiliates, in connection with the promotion and sale of their products, have used the CC Monogram Trademarks in the United States for decades. As a result of Chanel's extensive and substantial promotion of the CC Monogram Trademarks, the consuming public and trade have come to associate the CC Monogram Trademarks uniquely and distinctly with Chanel and its high quality merchandise.

33. Long after the CC Monogram Trademarks became famous, Defendants, without authority from Chanel, used simulations, reproductions, counterfeits, copies, colorable imitations and/or confusingly similar variations of the CC Monogram Trademarks and thereby caused, are causing, and/or are likely to cause the dilution of the distinctive qualities of the registered Trademarks.

34. As a result, Defendants have engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

35. Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the CC Monogram Trademarks, has injured Chanel in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

36. Chanel repeats each and every allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New Jersey.

38. Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the CC Monogram Trademarks, has injured Chanel in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION (N.J. STAT. § 56:4-1 *et seq.*))

39. Chanel repeats each and every allegation set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. The aforementioned acts of Defendants constitute unfair competition in violation of N.J. Stat. § 56:4-1 *et seq*.

41. Defendants' misconduct jeopardizes the goodwill symbolized by the CC Monogram Trademarks, has injured Chanel in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## (DILUTION (N.J. STAT. § 56:3-13.20))

42. Chanel repeats each and every allegation set forth in paragraphs 1 through 41 above as if fully set forth herein.

43. Long after the CC Monogram Trademarks became famous, Defendants, without authority from Chanel, willfully used simulations, reproductions, counterfeits, copies, colorable imitations and/or confusingly similar variations of the CC Monogram Trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of this registered Trademarks.

44. The aforementioned acts of Defendants constitute willful trademark dilution in violation of N.J. Stat. § 56:3-13.20.

45. Defendants' misconduct jeopardizes the goodwill symbolized by the CC Monogram Trademarks, has injured Chanel in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
## (COUNTERFEITING (N.J. STAT. § 56:3-13.16, *et seq.*))

46. Chanel repeats each and every allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. The aforementioned acts of Defendants on some of the goods at issue, constitute trademark counterfeiting in violation of N.J. Stat. § 56:3-13.16, *et seq.*

48. Defendants' misconduct jeopardizes the goodwill symbolized by the CC Monogram Trademarks, has injured Chanel in an amount to be determined at trial, and has caused

and will continue to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

      WHEREFORE, Chanel demands judgment as follows:

1.    Ordering Defendants to preserve and produce all documents and things regarding, referring or reflecting the design, manufacture, importation, exportation, distribution, promotion, advertisement, offer for sale and sale of any products bearing the Infringing Logos, the CC Monogram Trademarks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar version of the CC Monogram Trademarks including, but not limited to, any written, typed, photocopied, photographed, recorded, computer generated or stored, or other communication or representation, either stored manually or digitally in any computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendants' custody, possession or control or in the custody, possession or control.

2.    Preliminarily and Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

    (a)    imitating, copying or making unauthorized use of the Infringing Logos or the CC Monogram Trademarks;

    (b)    manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing the Infringing Logos, the CC Monogram Trademarks, or any simulation, reproduction, counterfeit, copy colorable imitation and/or confusingly similar variation of the CC Monogram Trademarks;

    (c)    using the Infringing Logos, the CC Monogram Trademarks, or any unauthorized colorable imitation of the CC Monogram Trademarks in connection with the

manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Chanel or to any goods sold, sponsored, approved by, or connected with Chanel;

   (d) using the Infringing Logos, the CC Monogram Trademarks, or any unauthorized colorable imitation of the CC Monogram Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute Chanel's image, trade names or reputation or the distinctive quality of the CC Monogram Trademarks;

   (e) engaging in any other activity constituting unfair competition with Chanel or constituting an infringement of the CC Monogram Trademarks or of Chanel's rights in, or its right to use or exploit such trademarks, or constituting dilution of the CC Monogram Trademarks, and the reputation and the goodwill associated therewith;

   (f) applying to register or registering in the United States Patent and Trademark Office, in any state trademark registry, or in the United States Copyright Office the Infringing Logos, any mark of design consisting in whole or in part of the CC Monogram Trademarks, or consisting in whole or in part of any simulations, reproduction, counterfeit, copy, colorable imitation and/or confusingly similar variation of the CC Monogram Trademarks or otherwise taking any other actions designed to give Defendant any claim of rights in or to the CC Monogram Trademarks;

   (g) making any statement or representation whatsoever, with respect to the infringing and/or counterfeit goods in issue, that falsely designates the origin of the products as those of Chanel, or that is false or misleading with respect to Chanel;

    (h)  transferring, consigning selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendants' possession, custody, or control bearing the Infringing Logos, the CC Monogram Trademarks, or any other mark that is a simulation, reproduction, counterfeit, copy, colorable imitation, and/or confusingly similar variation of the CC Monogram Trademarks; and

    (i)  engaging in any other activity, including the effectuation of assignments or transfers of its interests in the Infringing Logos or any other unauthorized colorable imitations of the CC Monogram Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 2(a) through 2(h) above.

  3.  Directing Defendants to deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing the Infringing Logos, the CC Monogram Trademarks, any mark that bears resemblance to the CC Monogram Trademarks and/or any unauthorized reproductions, copies, or colorable imitations thereof.

  4.  Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Chanel or is related to or associated in any way with Chanel's products.

  5.  Requiring Defendants to account and pay over to Chanel, all profits realized by their wrongful acts and directing that such profits be trebled due to Defendants' willful actions.

2826897-1

6.  Awarding Chanel, at its election, statutory damages in the amount of $2,000,000 per mark for each type of product in connection with which Defendants used counterfeits of the CC Monogram Trademarks.

7.  Awarding Chanel its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest.

8.  Retaining jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

9.  Awarding Chanel such other and further relief as the Court may deem just and proper.

Dated: New York, New York

October 10, 2014

OLSHAN FROME WOLOSKY LLP

By: _____
Safia A. Anand
Martin J. Feinberg
*Attorneys for Plaintiff*
744 Broad Street, 16th Floor
Newark, New Jersey 07102
(212) 451-2300

16

2826897-1